BRUTON, JAMES D., Jr., Associate Judge.
On December 20, 1955, Nick M. Athanason and Fannie Athanason, husband and wife, executed a twelve (12) year lease to Lundy’s, Inc., a building at 937 Central Avenue, St. Petersburg, Florida, for the monthly rental of $250.00 and with the last year’s rent of $3,000.00 paid in advance. Lundy’s, Inc., operated a retail liquor store on the premises and had several other liquor stores elsewhere. Lundy’s, Inc., took possession under the lease, which did not require consent for assignment. On July 6, 1961, the Circuit Court in Pinellas County, Florida, appointed a receiver for Lundy’s, Inc., for the purpose of liquidation. The Court in the receivership ordered Lundy’s, Inc., five liquor stores sold. The receiver retained an auctioneer and sale was set for 1:00 P.M., Wednesday, September 12, 1962. Circulars called “flyers” were distributed calling attention to the sale, which included the store at 937 Central Avenue, St. Peters-burg, Florida, which flyer mentioned “Lease: $250.00 mo. to 12/31/67.” At the sale, ABC Liquors, Inc., bid was submitted by written agreement between the receiver and J. D. Holloway, for ABC Liquors, Inc., which agreement did not mention a lease but referred to furnishings, fixtures and inventory, as described by the auctioneer and the flyer did mention leases. The $50,000.00 bid covered five liquor stores. The Court rejected this bid and ordered sealed bids be submitted, thereby voiding the bid and the agreement between the receiver and the bidder. In the second sale before the Court, the defendant, without any agreement with the receiver or anyone else, simply wrote on a piece of yellow paper, “Five Liquor Stores $66,000.00.” Nothing was said about leases at the bidding and the Court approved the bid. There was nothing in the bid about assigning a lease or leases. On September 18, 1962, the Circuit Court in approving the sale recited that sealed bids had been presented and “that the bid of $66,000.00 for five liquor stores herein made by ABC Liquors, Inc., through its agent, J. D. Holloway, is hereby accepted;”. The Court authorized the receiver to immediately effect all papers, forms, etc., necessary to complete the transfer of the property to the purchaser. There was no mention of any lease in the Order of approval. The bid contained no mention of lease and the Court accepted the bid as made. The receiver did not assign the lease, nor is there any writing whatever, nor is there any agreement shown that the defendant-buyer assumed any lease or any other obligation, other than to pay $66,000.00, which it did and took possession of the liquor stores and paid to the plaintiff $250.00 monthly rental as long as they occupied the premises on the store in this case. There were only two conversations between the plaintiff-landlord and the defendant-tenant during the period the defendant occupied the premises. On October 29, 1963, the defendant, after notice to the plaintiff, vacated the premises and delivered the keys. The Judgment appealed in this case from the Civil and Criminal Court of Record of Pinellas County, Florida, was entered November 19, 1964, the property having been vacated October 29, 1963, and for some reason, the receiver on January 31, 1964, executed an assignment, in an apparent effort to attach liability on the purchaser at the receiver’s sale. It does not appear that the plaintiff-landlord actually released the defendant-tenant from the lease and neitherdoes it appear that the defendant-tenant was covered with the lease, unless by operation of law the defendant- *523 tenant became liable to perform the terms of the lease. There is no writing or agreement of any character executed by the defendant. It is obvious there was no timely and appropriate assignment of the lease, nor did the receivership Court in its Order approving the bid provide that the purchaser was obligated to perform the lease.
If the Defendant, ABC Liquors, Inc., is liable for the performance of the lease made by the plaintiff to Lundy’s, Inc., it must be by operation of law. The defendant-appellant poses the questiorf as to whether or not a corporation in possession of certain premises leased to it is placed in receivership and the store occupied by the corporation is sold by the receiver and the lease on the premises is not assigned to the buyer, nor does the buyer assume the lease, then is the buyer at the receiver’s sale bound by the terms of such lease between the owner of the premises and the lessee in receivership.
F.S. Section 689.01, F.S.A., requires that an interest in land of a term of more than one year may be conveyed or assigned only by a writing, subscribed by two witnesses. In Resneck v. Gruendler Shoes, Inc., 242 Wis. 305, 7 N.W.2d 846 (1943), a lessee, under Federal Bankruptcy Act, 11 U.S.C.A., Sec. 207, sold its assets. The bill of sale did not mention the lease. The buyer took possession and paid rent during occupancy and then vacated and delivered the keys to the lessor, but the buyer was not liable for rent in excess of the time he occupied the premises, which is a similar situation to the case at hand. Generally, the assignee of a lease where there is no assumption of leasehold obligations by the as-signee, he is liable only for rent during occupancy. In the case at hand, the Court itself accepted the bid of Defendant, ABC Liquors, Inc., as made, with no other requirements imposing any obligation on the buyer. The fact that there had been a prior bid made under different conditions which was rejected is of no consequence, because that prior bid was rejected and was in the same situation as if it had never been made.
The plaintiff-lessor urges liability on the defendant-tenant by operation of law, but the Order approving sale authorized the receiver to consummate the transaction by executing necessary documents, which the receiver did not timely do and it is evident that the receivership Court contemplated the matter being handled, as provided in its Order, which was not done and that liability by operation of law was not effective. The plaintiff-landlord did not concern himself about the tenancy of the purchaser from the receiver and the receiver failed to carry out the Orders of the Court to execute proper documents. So far as the record discloses, closing documents have not yet been done, except the untimely effort of the receiver to seek to impose liability long after the property was vacated. No authority has been cited and we have been unable to find any whereby the defendant, ABC Liquors, Inc., would be liable in this instance and, therefore, the Judgment of the Civil and Criminal Court of Record, in and for Pinellas County, Florida, is reversed.
ALLEN, C. J., and PIERCE, J., concur.